

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 3, 1969

Honorable Larry Miller
County Attorney
Hunt County Courthouse
Greenville, Texas

Opinion No. M-459

Re: Whether security for the probable cost of an estate proceeding must be given by the personal representative of that estate at the time of filing, and related question.

Dear Mr. Miller:

You have requested our opinion as to the following question:

"Must the personal representative of an estate, when such person files an application, complaint, or opposition in relation to the estate, give to the County Clerk of Hunt County, security for the probable cost of such proceedings at the time the County Clerk files same? If not, when are such costs payable?"

Texas Probate Code, Sec. 12, relating to Costs and Security Therefor, reads as follows:

" (a) Applicability of Laws Regulating Costs. The provisions of law regulating costs in ordinary civil cases shall apply to all matters in probate when not expressly provided for in this code.

" (b) Security for Costs Required, When. When any person other than the personal representative of an estate files an application, complaint, or opposition in relation to the estate, he may be required by the clerk to give security for the probable cost of such proceeding before filing the same; or any one interested in the estate, or any officer of the court may, at any time before the trial of such application, complaint, or opposition, obtain from the court, upon written motion, an order requiring such party to give security for the probable costs of such proceeding. The rules governing civil suits in the county court respecting this subject shall control in such cases." (Emphasis added.)

Inasmuch as the security for cost provisions of Section 12(b), supra, apply only to filings by persons other than the personal

- 2278 -

representative, the answer to your question must be found in Section 12(a), supra.

These "provisions of law regulating costs in ordinary civil cases" are found in Article 3930 (b), Vernon's Civil Statutes, and probate costs are specifically covered by Section 1, B(1)(a) thereof, as follows:

"(a) For each original cause or action in a Probate Court, a fee to be due and payable and to be paid by the party or parties starting or initiating said cause or estate action, or with the permission of the court, payable at the time of qualifying of the legal or personal representative of such cause or estate action, or when a Veterans' Administration Chief Attorney is attorney of record in a cause, payable when the legal or personal representative of such cause or estate action receives funds with which to make such payment, for such services for the period of time as shown, and which fee excludes the items listed in Paragraphs A, B(1)(b), B(1)(d), C. D and E of this Section 1:

(i) For probating will with independent executor; for administration with will attached, for administration of an estate, for guardianship or receivership of an estate, for muniment of title, a fee for one year from the starting or initiating such cause of action: a fee of....$25.00

(ii) For community survivors: a total fee of..$20.00

(iii) For small estates: a total fee of .......$ 5.00

(iv) For affidavits of heirship, including filing of affidavit, after approval by Judge, in Small Estates Records in the Recorder's Office: a total fee of............$ 7.50

(v) For mentally ill: Total costs for all services listed in Article 5547-13, Article 5547-14 and Article 5547-15, Vernon's Civil Statutes of Texas, shall be in the amount of......................................$40.00."

While the statute does not expressly state when the fee must be paid and is therefore subject to construction, it is the opinion of this office that it was the legislative intent that the time of fee payments relate to the "starting or initiating (of) said cause or estate action." Thus, Subparagraph (a) of Article 3930 (b) above quoted, was intended to, and does, provide for the payment, by the personal representative, of the costs specified at the time of filing, unless by permission of the court, the time for payment is extended to the time of qualifying, or when a

Veterans' Administration Chief Attorney is attorney of record in a cause and it thus is payable when the representative receives funds with which to make the payments. Therefore, even though the personal representative of an estate is not required to give security for costs, he is, subject to the extensions above mentioned, required to pay the specified costs at the time of filing.

### S U M M A R Y

Even though the personal representative of an estate is not required to give security for costs, he is required to pay the specified costs contained in Section 1, B(1)(a) of Article 3930 (b), V.C.S., at the time of filing a proceeding in probate.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Bill Craig
Louis Neumann
Roland Allen
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant